# EXHIBIT A



# Notice of Service of Process

null / ALL
**Transmittal Number: 29622484**
**Date Processed: 08/02/2024**

| | |
|---|---|
| **Primary Contact:** | Philip Tarpley<br>Southwest Airlines Co.<br>2702 Love Field Dr<br>Dallas, TX 75235-1908 |
| **Electronic copy provided to:** | Ashley Cole<br>Alie Hanes<br>Ellen Cubitt<br>Lisa White<br>Tawnye Parks<br>Chrishawn Booker<br>Teri Lambert<br>Crysten Mosher |
| **Entity:** | Southwest Airlines Co.<br>Entity ID Number  0542758 |
| **Entity Served:** | Southwest Airlines Co. |
| **Title of Action:** | Vestine Uwera vs. Southwest Airlines Co. |
| **Matter Name/ID:** | Vestine Uwera vs. Southwest Airlines, Co. (14599373) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24TRCV02548 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/02/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | CBS Law Inc.<br>213-800-8005 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1-8

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VESTINE UWERA, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/31/2024 10:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* ~~Stanley Mosk Courthouse~~
~~111 North Hill Street, Los Angeles, CA 90012~~
INGLEWOOD COURTHOUSE
ONE REGENT STREET
INGLEWOOD, CA 90301

**CASE NUMBER:**
*(Número del Caso):*
24TRCV02548

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher J. Bou Saeed, 633 W 5th Street, 26th Floor, Los Angeles, CA 90071, (213) 800-8005

DATE: 07/31/2024       David W. Slayton, Executive Officer/Clerk of Court    Clerk, by     C. Nava     , Deputy
*(Fecha)*                                                                    *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* **Southwest Airlines Co. a Texas corporation**
   under: [X] CCP 416.10 (corporation)           [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/31/2024 10:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

Christopher J. Bou Saeed (SBN 295774)
CBS Law Inc.
Email: chris@thecbslaw.com
633 W 5th Street, 26th Floor
Los Angeles, CA 90071
Tel: (213) 800-8005 Fax: (213) 376-3612

Corey Carter (SBN 269611)
Carter Law Firm, APC
Email: corey@themainstreetattorney.com
27240 Turnberry Lane, Suite 200
Valencia, CA 91355
Tel: (323) 825 – 5529 Fax: (323) 450 - 2222
Attorneys for Plaintiff

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| VESTINE UWERA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and DOES 1-8,<br><br>Defendants. | No. 24TRCV02548<br><br>COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND<br>1. Negligence<br>2. Product Liability |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff VESTINE UWERA, for her Complaint against SOUTHWEST AIRLINES CO., a Texas corporation, and DOES 1-8, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action and is the proper venue for this action under Code of Civil Procedure section 395(a) because most of the facts,

acts, events, and circumstances herein mentioned and described occurred in the City of Los Angeles, County of Los Angeles, State of California.

2. This Court has jurisdiction over this action and is the proper venue for this action under Code of Civil Procedure section 395(a) because none of the defendants reside in the state of California, the action may be tried in the superior court in any county that the plaintiff may designate in her complaint.

## PARTIES

3. At all relevant times, Plaintiff VESTINE UWERA ("Plaintiff") is an adult female residing in Los Angeles County.

4. At all relevant times, Defendant SOUTHWEST AIRLINES CO. ("Defendant") was a Texas corporation, doing business in the State of California.

5. Defendants DOES 1-8 were at all relevant times herein employees of Defendant.

6. At all relevant times, DOES 1-8 were acting within the course and scope of their duties as employees for Defendant.

7. The true names and capacities of DOES 1-8 are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

8. Plaintiff names Defendants herein, and each of them, because Plaintiff is in doubt and does not know exactly from which of said Defendants Plaintiff is entitled to redress and whether the injuries and damages to Plaintiff alleged herein were caused by the combined negligence of all Defendants or by the concurrent, or successive and separate negligence of Defendants, and/or one or more of them. For that reason, Plaintiff names all of said Defendants and asks that the Court determine

COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND
- 2 -

the liability of each and all of said Defendants in this action.

## FACTS

9. Plaintiff repeats and re-alleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

10. On August 1, 2023, Plaintiff and her then three-year-old son, were passengers on Defendant's airplane, Southwest Flight #2294 departing from Los Angeles International Airport to Phoenix.

11. During the flight, Plaintiff requested a cup of tea.

12. A Southwest airline attendant brought to Plaintiff a cup containing scalding hot water with another container housing tea condiments on top of the cup containing scalding hot water ("Product").

13. As the Southwest airline attendant served the Product to Plaintiff, the scalding hot water spilled on Plaintiff's clothed and blanket-covered abdomen and pelvic area, causing second degree burns.

14. Plaintiff suffered such severe pain, she was unable to move and openly wept in her seat.

15. Neither the Southwest airline attendant who spilled the scalding hot water onto Plaintiff, nor any other Southwest airline attendant acknowledged, let alone expressed sympathy or provided assistance for, Plaintiff's injuries and obvious distress.

16. Another passenger expressed his astonishment at how the attendants failed to provide any care to Plaintiff.

17. As Plaintiff deplaned, she encountered medical personnel in Phoenix Sky Harbor International Airport.

18. While receiving medical treatment for her injuries, Plaintiff's clothing was removed thus exposing her half-naked body to the public and other passengers.

19. Plaintiff was transported to the Arizona Burn Center in Valleywise

Emergency Department for further medical care.

20. Plaintiff's physical injuries caused physical impairment such that she could not hold her son, sleep comfortably, bathe, move fully, or dress herself normally and remains disfigured.

21. Plaintiff also suffered the loss of dignity, humiliation, and distress from being ignored by Southwest airlines personnel while gravely injured, having her half-naked body exposed in public, being unable to care for her then three-year-old son due to her injuries, and suffering disfigurement.

## FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### Negligence

22. Plaintiff repeats and re-alleges each and every allegation in this Complaint with the same force and effect as if fully set forth herein.

23. To establish a claim for negligence, a plaintiff must show the following: (1) a legal duty to use due care; (2) a breach of such legal duty; and (3) the breach as the proximate or legal cause of the resulting injury.

24. Further, an employer is liable for the wrongful acts of its employees, particularly when the employee is acting within the scope of their employment.

25. Here, Defendants owed a duty of care to Plaintiff to use reasonable diligence to ensure Plaintiff was not harmed by Defendants' acts or omissions.

26. Defendants breached this duty of care when they served to Plaintiff scalding hot water (a) at a temperature that could cause second degree burns through a blanket and clothing; (b) in a cup without a secure lid to prevent spilling; and (c) that spilled onto Plaintiff's abdomen and pelvic area.

27. As a result of Defendants' breach of due care, Plaintiff suffered second degree burns.

28. At the time, Defendant's flight attendant was acting within the scope of

their employment with Defendant as a flight attendant on Southwest Flight #2294.

29. As a direct and proximate result of the above referenced acts and omissions by Defendants, Plaintiff suffered actual, special, and general damages, all to her detriment in amounts to be determined at trial.

## SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS

### Product Liability

30. Plaintiff repeats and re-alleges each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

31. Defendants designed/distributed/manufactured the Product.

32. The Product did not perform as safely as an ordinary consumer would have expected it to perform when used in an intended or reasonably foreseeable way.

33. An ordinary consumer would expect the Product to safely house and transport hot water.

34. The Product's failure to perform safely was a substantial factor in causing Plaintiff's harm.

35. The Product's design was defective.

36. It was defective when it left the control of each Defendant.

37. The Product at the time of injury was being used by the Plaintiff either in the manner intended by the Defendants or in the manner that was reasonably foreseeable by Defendants.

38. Defendants can be held liable under strict liability because they were involved in the manufacturing and/or the marketing/distribution of the Product.

39. Plaintiff was harmed.

\\\

\\\

\\\

## Request for Relief

WHEREBY Plaintiff request entry of judgment in their favor against all Defendants as follows:

1. For general damages according to proof at trial;
2. For medical expenses and non-economic damages according to proof at trial;
3. For costs of suit herein;
4. For pre-judgment and post-judgment interest per California Code of Civil Procedure section 3291 according to proof at trial;
5. For punitive damages, according to proof at trial; and
6. For any additional relief deemed proper by the court.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a trial by jury in this action.

CBS LAW

DATE: July 31, 2024

By: /s/ Christopher J. Bou Saeed
**Christopher J. Bou Saeed**
**Attorney for Plaintiff**

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Christopher J. Bou Saeed (SBN 295774)
633 W 5th Street, 26th Floor, Los Angeles, CA 90071

TELEPHONE NO.: (213) 800-8005   FAX NO.: (213) 376-3612
EMAIL ADDRESS: chris@thecbslaw.com
ATTORNEY FOR *(Name):* Vestine Uwera

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: ~~111 North Hill Street~~ INGLEWOOD COURTHOUSE
MAILING ADDRESS: ~~111 North Hill Street~~ ONE REGENT STREET
CITY AND ZIP CODE: ~~Los Angeles, CA 90012~~ INGLEWOOD, CA 90301
BRANCH NAME: ~~Stanley Mosk~~

**FOR COURT USE ONLY**

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/31/2024 10:37 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Nava, Deputy Clerk

**CASE NAME:**
VESTINE UWERA v. SOUTHWEST AIRLINES CO., and DOES 1-8

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 24TRCV02548  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400–3.403)*
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 31, 2024
Christopher J. Bou Saeed
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property Damage/Wrongful Death
    Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/ Wrongful Death
    Product Liability *(not asbestos or toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice– Physicians & Surgeons
        Other Professional Health Care Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip and fall)
        Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
        Intentional Infliction of Emotional Distress
        Negligent Infliction of Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business Practice (07)
    Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
    Defamation (e.g., slander, libel) (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)

**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
        Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/ Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections Case
    Insurance Coverage *(not provisionally complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute

**Real Property**
    Eminent Domain/Inverse Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court Case Matter
        Writ–Other Limited Court Case Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-harassment)*
        Mechanics Lien
        Other Commercial Complaint Case *(non-tort/non-complex)*
        Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
    Partnership and Corporate Governance (21)
    Other Petition *(not specified above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late Claim
        Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| VESTINE UWERA v. SOUTHWEST AIRLINES CO., and DOES 1-8 | 24TRCV02548 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☑ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| VESTINE UWERA v. SOUTHWEST AIRLINES CO., and DOES 1-8 | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Other Personal Injury/ Property Damage/ Wrongful Death | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23  
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM  
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| VESTINE UWERA v. SOUTHWEST AIRLINES CO., and DOES 1-8 | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation                Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| LASC CIV 109 Rev. 01/23<br>For Mandatory Use | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC Local Rule 2.3 |
|---|---|---|

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| VESTINE UWERA v. SOUTHWEST AIRLINES CO., and DOES 1-8 | | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE: VESTINE UWERA v. SOUTHWEST AIRLINES CO., and DOES 1-8 | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☑ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 1 World Way |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the **CENTRAL** District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 07/31/2024

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Inglewood Courthouse<br>One Regent Street, Inglewood, CA 90301 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>07/31/2024<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: C. Nava, Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24TRCV02548 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Ronald F. Frank | 8 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 08/01/2024                By C. Nava                     , Deputy Clerk
       (Date)

LACIV 190 (Rev 6/18)         **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



# Superior Court of California, County of Los Angeles

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

   a. **The Civil Mediation Vendor Resource List**
      If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

      - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com
        (213) 683-1600
      - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
        (833) 476-9145

      **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

      **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

   b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
      https://dcba.lacounty.gov/countywidedrp/

      **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case. https://my.lacourt.org/odr/

   c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 03/23                                                                                               Page 2 of 2
For Mandatory Use